UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER AVILA, | No. 2:16-cv-2903 KJN P |
| Petitioner, | |
| v. | ORDER |
| D. BORDERS, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner, is proceeding pro se and in forma pauperis. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent moves to dismiss the petition as a mixed petition, based on petitioner's alleged failure to exhaust claims one through eight, ten through eleven, and part of claim nine. Petitioner filed an opposition; respondent did not file a reply. As discussed below, respondent's motion to dismiss is partially granted.

II. Background

On September 26, 2012, petitioner, a convicted sex offender, was convicted by a jury in Sacramento County Superior Court of violation of California's Sex Offender Registration Act, for failing to register his true residential address after his release from custody. (ECF No. 1 at 1; Respondent's Lodged Document ("LD") 1 at 1.) Petitioner also admitted to four prior serious

felony convictions. (LD 1 at 1-2.) On October 26, 2012, petitioner was sentenced to six years in state prison. (LD 1 at 2.)

Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. On June 10, 2015, the state appellate court affirmed the conviction. (LD 1.) On July 13 2015, petitioner filed a petition for review in the California Supreme Court. (LD 2.) The California Supreme Court denied the petition on August 19, 2015. (LD 3, 4.)

On August 24, 2016, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 1 at 61-154.) On October 21, 2016, the superior court denied the petition in a reasoned decision. (LD 5.) Petitioner filed no other collateral challenges in state court.

Petitioner filed the instant petition on December 9, 2016. (ECF No. 1.)

III. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

The Supreme Court has refused to recognize an exhaustion exception even for clear constitutional violations. Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981). The statute provides for two rare exceptions to the exhaustion requirement: (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B).

IV. Discussion

First, the parties agree that petitioner exhausted part of claim nine, wherein petitioner claims the trial court improperly instructed the jury. (ECF No. 1 at 36-41; 143-49.) Respondent agrees that petitioner exhausted his claim that the instructional error was not harmless. The state appellate court found that the trial court erred in its modification to jury instruction CALCRIM 3404, but held such error was harmless.

////

Second, the parties disagree on the remaining claims. Respondent argues that the rest of claim nine, and all of petitioner's remaining claims (1-8, and 10-12) are unexhausted, and thus petitioner must file an amended petition raising only his exhausted portion of claim nine. Specifically, as to claim nine, respondent argues that in the petition for review, petitioner argued that the Court of Appeal had erred in finding an instructional error harmless beyond a reasonable doubt, and that as part of ground nine in the federal petition, petitioner argues that the same instructional error was not harmless. (ECF No. 11 at 4.) Respondent asserts that the rest of claim nine is not exhausted. (Id.)

Initially, in opposition, petitioner states that he "presented his claim(s) to the state court(s) giving them the full opportunity to consider his claim(s) of Federal constitutional error," citing Rhines v. Weber, 544 U.S. 269, 273-74 (2005). (ECF No. 21 at 2.) But petitioner then states that because he is actually innocent, the statute of limitations does not apply. Further, he contends that most, if not all, of his claims for relief are not subject to review but rather require automatic reversal, and then argues the merits of his remaining claims. (ECF No. 21 at 4-5; 5-16.) Also, he asserts that "he is hindered from presenting his claims . . . due to circumstances external to petitioner," based on evidence the prosecution and others withheld, but which was identified before the conclusion of trial, and contends his procedural default should be excused, and that a fundamental miscarriage of justice has occurred because he is actually innocent. (ECF No. 21 at 17.) Finally, he argues that the exhaustion requirement should not be applied too narrowly. (Id. at 20.)

Respondent did not file a reply.

The court now reviews the claims respondent claims are unexhausted.

A. Remainder of Claim Nine

In challenging the underlying 2012 conviction, petitioner only filed one document in the California Supreme Court: the petition for review filed on July 13, 2015. In his petition for review, petitioner claimed that review should be granted to determine under what circumstances an erroneous jury instruction which lightened the prosecution's burden on an element of the offense may be deemed harmless beyond a reasonable doubt. (LD 2.) Specifically, petitioner's

appellate counsel incorporated the first six pages of the state appellate court's opinion as "a sufficient overview of the procedural and factual background of this case," and set forth the following two issues for review:

1. Under what circumstances may an erroneous jury instruction which lightens the prosecution's burden on an element of the offense be deemed harmless beyond a reasonable doubt?

2. Did the appellate court's finding that the erroneous instruction herein was harmless beyond a reasonable doubt violate settled principles of United States Constitutional law?

(LD 2 at 2.)

In claim nine of the instant petition, petitioner challenges the improper jury instruction, and incorporates the supporting facts he submitted in the Sacramento County Superior Court, Case No. 16HC00340, pages 61; 143-49. However, the facts he recounts were not included in the first six pages of the state appellate court opinion or in his petition for review. The question fairly presented to the California Supreme Court addresses whether the jury instruction CALCRIM 3404, as edited by the trial court, was harmless error or lightened the prosecution's burden of proof. In any event, the gravamen of the claim is that the challenged jury instruction was improperly given. Thus, the additional facts petitioner includes here merely support such claim and do not fundamentally alter his claim that the jury instruction was improper. Therefore, the undersigned finds that claim nine is exhausted.

B. Petitioner's Remaining Claims

Petitioner did not present to the highest state court, either on direct appeal or in post-conviction proceedings, his remaining claims asserted in claims one through eight and ten through twelve. None of these claims were asserted in the petition for review. Accordingly, aside from claim nine, petitioner did not fairly present any of the other claims asserted in the pending petition to the California Supreme Court. Therefore, claims one through eight and ten through twelve are not exhausted and must be dismissed without prejudice.

////

////

C. Procedural Default

Petitioner argues that he can demonstrate cause and prejudice to avoid a procedural default bar, citing Trevino v. Thaler, 131 S. Ct. 1911, 1917 (2013).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. Gray, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the state courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a federal claim to the state courts; and (3) when the state courts have rejected a claim on an adequate and independent state procedural ground. Id.; Coleman v. Thompson, 501 U.S. 722, 750 (1991).

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998).

The Supreme Court has established a very narrow equitable rule that no counsel or counsel who was ineffective for failing to raise a claim of ineffective assistance of trial counsel in the state court initial-review collateral proceedings may serve as cause to overcome the state procedural bar. Martinez v. Ryan, 132 S. Ct. 1309, 1315, 1318-20 (2012). The Court in Trevino v. Thaler, 133 S. Ct. 1911 (2013), further summarized what Martinez required in order to establish whether a federal court may excuse a state court procedural default.

"Cause" to excuse the default may be found:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state

> collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino, 133 S. Ct. at 1918, quoting Martinez, 132 S. Ct. at 1318-19, 1320-21.

Here, petitioner was not represented by counsel at trial, but rather represented himself. (LD 1 at 5.) Although petitioner was assigned standby counsel, there is no federal constitutional right to advisory, standby, or co-counsel. See United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation."); United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). Because petitioner represented himself at trial, he may not assert ineffective assistance of counsel to claim the narrow exception provided in Martinez or Trevino. Moreover, petitioner may not avail himself of the narrow exception based on a claim of ineffective assistance of appellate counsel. In Davila v. Davis, 137 S. Ct. 2058 (2017), the Supreme Court clarified that the narrow exception provided in Martinez does not include ineffective assistance of appellate counsel. "Davila holds that federal habeas courts cannot hear procedurally defaulted claims of ineffective assistance of appellate counsel." Easter v. Franks, 2017 WL 3049581 (9th Cir. July 19, 2017).

D. Conclusion

After reviewing the petition for habeas corpus, and the petition for review filed in the California Supreme Court, the court finds that petitioner exhausted claim nine, but failed to exhaust state court remedies as to claims one through eight, and ten through twelve. None of these claims have been presented to the California Supreme Court. Further, petitioner alleges no facts or circumstances that demonstrate he is entitled to an exception under 28 U.S.C. § 2254(b)(1)(B). California has no prescribed fixed time in which to seek habeas corpus relief in noncapital habeas cases. Rather, the general rule is that habeas relief must be sought in a timely fashion, "reasonably promptly." In re Sanders, 21 Cal. 4th 697, 703, 723-24 (1999) (Abandonment by counsel constitutes "good cause" excusing substantial delay of five years); In re Stankewitz, 40 Cal. 3d 391, 396 n.1 (1985) (delay of one and a half years in filing habeas

7

petition with direct appeal justified substantial delay). Thus, it is not clear that state court remedies are no longer available to petitioner.

Because the instant petition is a mixed petition including both exhausted and unexhausted claims, respondent's motion to dismiss is partially granted, and the petition should be dismissed without prejudice.[2]

V. Amend or Stay?

Respondent argues that the mixed petition must be dismissed, but that petitioner may elect to abandon his unexhausted claims and proceed on his exhausted claim. (ECF No. 11 at 4.) In the alternative, respondent contends that dismissal should be with prejudice, inasmuch as the statute of limitations expired on January 20, 2017. (ECF No. 11 at 6.)

Petitioner does not specifically address respondent's statute of limitations argument other than to allege that the limitations period allegedly does not apply because he is factually innocent. Although petitioner cites to Rhines, 544 U.S. at 273-74 (ECF No. 21 at 2), petitioner does not ask the court to stay this action.

In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable claim of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." Id. at 314-15. To invoke the miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324.

---

[2] Of course, petitioner is free to pursue state relief on any of his unexhausted claims.

8

Here, petitioner's claim that he is actually innocent is unavailing. Petitioner provides no new evidence and otherwise fails to demonstrate that he actually registered as required under the statute. Rather, he argues that he has legal excuses for why he did not register. In order to avail himself of the actual innocence exception, petitioner must demonstrate that he is factually innocent of the crime committed. Petitioner has not done so.

Because the petition contains unexhausted claims, this court is required to give petitioner the choice of exhausting the unexhausted claims by returning to state court, or abandoning the unexhausted grounds and pursuing the exhausted ground in federal court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curiam) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity to amend his petition to include only exhausted claims).[3]

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines, 544 U.S. at 269 (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

////

---

[3] Respondent argues that petitioner's unexhausted claims unrelated to ground nine would now be barred by the one year statute of limitations. (ECF No. 11 at 5.) However, in light of petitioner's apparent mistaken belief that he was exempt from the limitations period, and had not been earlier informed of the stay and abey procedure, the undersigned declines to address the statute of limitations bar to the unexhausted claims at this time.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In order to be granted a stay under Rhines, petitioner must meet all three Rhines prongs set forth above. 544 U.S. at 278.

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file was fully exhausted, petitioner could seek a stay-and-

abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. If petitioner chooses to seek a Kelly stay, he must file an amended petition raising only exhausted ground nine.

Unless petitioner is granted a motion to stay, petitioner must file an amended petition raising only exhausted claim nine.

Petitioner is granted thirty days in which to notify the court how he wishes to proceed. However, petitioner is cautioned that he should not unduly delay the exhaustion of his claims in state court. A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis). Petitioner's superior court filing was denied on October 21, 2016, and it does not appear that petitioner has yet filed a habeas petition in either the state appellate court or the California Supreme Court.[4] Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable. Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey v. Saffold, 536 U.S. 214, 219 (2002) (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a

---

[4] There is no filing by petitioner in the California Supreme Court after his petition for review was filed on July 13, 2015, in Case No. S227141. People v. Avila, No. S227141. California Courts Website, <http://appellatecases.courtinfo.ca.gov> (accessed August 18, 2017). The only filing in the California Court of Appeal, Sixth Appellate District, was petitioner's direct appeal in People v. Avila, Case No. H012036 (addressing a different conviction sustained prior to February 1996).

11

"reasonable time"). Thus, petitioner must exercise all due diligence in pursuing his state court remedies.

Finally, petitioner is cautioned that failure to timely comply with this order will result in an order dismissing the petition as a mixed petition and ordering petitioner to file an amended petition raising only claim nine.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 11) is partially granted;

2. Within thirty days from the date of this order, petitioner shall file the attached notice informing the court how he wishes to proceed, and submitting the appropriate documents; and

3. This court declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: August 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/avil2903.mtd.hc.fte

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER AVILA,<br><br>        Petitioner,<br><br>   v.<br><br>D. BORDERS,<br><br>        Respondent. | No. 2:16-cv-2903 KJN P<br><br><br>NOTICE OF OPTION |

Petitioner selects one of the following options and submits the following document(s) in compliance with the court's August 2017 order:

_____ Elects to abandon his unexhausted claims and proceed with his exhausted claim nine, and files an amended petition raising only claim nine.

**OR** _____ Files a motion for stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and an amended petition raising only claim nine.

**OR** _____ Files a motion for stay under Rhines v. Weber, 544 U.S. 269, 273-74 (2005).

DATED:

                                               _____
                                               Petitioner