UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER AVILA,<br><br>    Petitioner,<br><br>v.<br><br>D. BORDERS,<br><br>    Respondent. | No. 2:16-cv-2903 KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed August 28, 2017, respondent's motion to dismiss was granted, and the court found that the instant petition is a mixed petition. Petitioner was ordered to file a notice as to how he wishes to proceed, <u>and to submit the appropriate documents</u>. (ECF No. 23 at 12 (emphasis added).) Petitioner was cautioned that failure to comply with the order would result in an order dismissing the petition as a mixed petition and ordering petitioner to file an amended petition raising only claim nine.

On September 13, 2017, petitioner filed the court's "Notice of Option," marking the selection "[f]iles a motion for stay under <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005)," but, without explanation, petitioner failed to file the required motion for stay.

Therefore, as set forth in the August 28, 2017 order, the instant petition is a mixed petition, containing both exhausted and unexhausted claims and must be dismissed. Good cause

appearing, petitioner is granted thirty days to file an amended petition raising only exhausted claim nine.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for a writ of habeas corpus is dismissed; and

2. Petitioner is granted thirty days from the date of this order to file an amended petition raising only exhausted claim nine. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: September 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

avil2903.103mix

---

[1] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).